# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

WILMER COLEMAN,                )
#277962,                       )
                               )    CIVIL ACTION NO. 9:10-2954-CMC-BM
                Petitioner,    )
                               )
v.                             )    **REPORT AND RECOMMENDATION**
                               )
WARDEN, MCCORMICK              )
CORRECTIONAL INSTITUTION,      )
                               )
                Respondent.    )
_____)

Petitioner, an inmate with the South Carolina Department of Corrections, seeks a writ

of habeas corpus pursuant to 28 U.S.C. § 2254. The petition was filed pro se on November 5, 2010.[1]

The Respondent filed a return and motion for summary judgment on April 6, 2011.

As the Petitioner is proceeding pro se, a Roseboro order was filed on April 8, 2011, advising the

Petitioner that he had thirty-four (34) days to file any material in opposition to the motion for

summary judgment. Petitioner was specifically advised that if he failed to respond adequately, the

---

[1] Filing date per Houston v. Lack, 487 U.S. 266, 270-276 (1988). There are 2 date stamps on the envelope from the prison mail room. Since one of those date stamps precedes the petition date by over a year, it has been disregarded. The later prison date stamp of November 8, 2010, is only 3 days after the petition was dated on November 5, 2010. The undersigned also notes that the petition was subsequently filed several days later on November 15, 2010. Giving Petitioner every benefit of the doubt for filing purposes, the undersigned has used the date of the letter mailing the petition, November 5, 2010, as the filing date.



motion for summary judgment may be granted, thereby ending his case.  Petitioner thereafter filed

a response in opposition on May 6, 2011.

This matter is now before the Court for disposition.[2]

## **Procedural History**

Petitioner was indicted in March 2001 for lewd act upon a child [Indictment No. 01-GS-02-342] and criminal sexual conduct with a minor-second degree [Indictment No. 01-GS-02-343).  (R.pp. 71-72, 74-75).  Petitioner was represented by Regina P. Poteat, Esquire, and after selecting a jury trial the previous day, Petitioner pled guilty on September 4, 2001.  (R.pp. 1-20).[3] The judge sentenced Petitioner to fifteen (15) years imprisonment on the lewd act charge, and twenty (20) years, concurrent, on the CSC charge.  (R.p. 19).

Petitioner filed a timely appeal and was represented by Aileen Clare, Assistant Appellate Defender.  See Court Docket No. 23-3.[4]  However, Respondent represents, and the Petitioner does not dispute, that by affidavit executed on April 2, 2002, Petitioner opted to waive his right to appeal.  The South Carolina Court of Appeals accepted the waiver, dismissed the appeal, and issued the remittitur by order dated April 15, 2002.  See Court Docket No. 23-3.

On June 7, 2002, Petitioner filed an application for post-conviction relief ("APCR")

---

[2]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(c)and (e), D.S.C.  The Respondent has filed a motion for summary judgment.  As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.

[3]Pursuant to Petitioner's plea, several additional indictments were nolle prossed.  (R.p. 2).

[4]Since a large number of documents in the state record do not have page numbers, the undersigned has referenced the Court Filing Docket numbers in order to assist in locating these documents.



in state circuit court.  Coleman v. State of South Carolina, No. 2002-CP-02-676.  (R.pp. 21-26).

Petitioner raised the following issues in his APCR:

(A)  Ineffective Assistance of counsel.

1.  Applicant's trial counsel failed to thoroughly conduct an investigation into his case;

2.  Applicant's trial counsel failed to keep him updated on the status of his case;

3.  Applicant's trial counsel failed to contact certain witnesses and prepare a defense on his behalf;

4.  Applicant's trial counsel failed to explain all of the elements of his offense charged prior to his guilty plea;

5. Applicant's trial counsel failed to stay in contact with him and discuss his case.

(B) Guilty Plea was not knowingly, voluntarily entered.

(R.pp. 22, 26).

Petitioner was represented in his APCR by Sherry Stoney, Esquire, and an evidentiary hearing was held on Petitioner's application on January 7, 2003.  (R.pp. 32-61).  The PCR judge filed a written order denying the petition in its entirety on February 10, 2003.  (R.pp. 62-66).

Petitioner filed a timely appeal of the PCR court's order.  Petitioner was represented on appeal by Daniel T. Stacey of the South Carolina Office of Appellate Defense, who filed a Johnson[5] petition seeking to be relieved and raising the following issue:

Whether petitioner received ineffective assistance of counsel where there was essentially no preparation or investigation of the case?

See Petition, p. 2 (See Court Docket No. 23-4).

---

[5]Johnson v. State, 364 S.E.2d 201 (S.C. 1998); see also Anders v. California,386 U.S. 738, 744 (1967).



On or about December 8, 2003, Petitioner filed a pro se response which, in addition to a request for acceptance of a supplemental appendix, raised the following issues:

I.  Did the amendment of the indictment change [ ] the nature of the Offense such that the trial court was without subject matter jurisdiction?

II.  Was trial counsel ineffective for failing to object [ ]to a material amendment to petitioner's indictment?

III.  Did the trial judge err by participat[ing], initiat[ing], or influenc[ing] a plea bargaining agreement, through this position unduly coerced the plea negotiation that was reached between Solicitor and Defendant and his trial counsel?

IV.  Was [there] prosecutorial misconduct when the Solicitor attempted to pit Wilmer Coleman['s] testimony against the testimony of two of the State's witnesses?

V.  Did the finding of the PCR judge is not supported by any probative evidence in this matter and pursuant to S.C. Code §17-27-20(a)(4), there exists evidence of material facts not previously presented that supported the petitioner's allegation of ineffective counsel as his trial counsel?

See Petition, p. 1 (See Court Docket Nos. 23-7 and 23-8).

Within the petition, Petitioner substituted a claim of ineffective assistance of appellate counsel in regard to issue V.  See Pro Se petition, p. 34 (Court Docket No. 23-7, p. 40).

On July 22, 2004, the South Carolina Supreme Court denied Petitioner's writ of certiorari, and granted counsel's request to be relieved as counsel for the Petitioner.  See Court Docket No. 23-9.  The Remittitur was sent down on August 9, 2004.  See Court Docket No. 23-10.

On September 17, 2004, Petitioner filed a document in the Aiken County Court of Common Pleas captioned "Petition for Writ of Habeas Corpus".  Coleman v. State of South Carolina, 2004-CP-02-1214.  See Court Docket No. 23-11.  The State filed a return and motion to dismiss on several grounds; see Court Docket No. 23-12; and on November 4, 2005 the Administrative Judge for the Second Judicial Circuit filed a conditional order of dismissal [dated October 31, 2005).  See



Court Docket No. 23-13.  Petitioner attempted to appeal this order, but the South Carolina Court of Appeals found the appeal to be premature and remanded the matter back to circuit court by order dated April 17, 2006.  See Court Docket No. 23-14.  After receiving a response, the circuit judge issued a final order dismissing Petitioner's Petition on May 18, 2006.  See Court Docket No. 23-17.

Petitioner filed objections to the Administrative Judge's earlier conditional order of dismissal, which was considered as a Rule 60 motion since the final order had been entered in the matter.  See Court Docket Nos. 23-15, 23-16, and 23-17.  Petitioner also attempted to pursue an appeal; however, on July 18, 2006, the South Carolina Court of Appeals dismissed the appeal for failure to order the transcript and/or serve and file an initial brief.  See Court Docket No. 23-18.  The state Court of Appeals issued the remittitur on August 4, 2006.  See Court Docket No. 23-19.  Subsequently, on September 11, 2006, the Presiding Judge of the Second Judicial Circuit issued a final order of dismissal denying Petitioner's motion to reconsider.  See Court Docket No. 23-16.  There is no evidence in the record that Petitioner attempted to appeal that order.

On January 11, 2007, Petitioner filed a second APCR (Coleman v. State of South Carolina, No. 2007-CP-02-62) raising the following issues:

   1.  "Unknowingly" intelligently did not waive right;

   2001-GS-02-342 and 43 never serve on [me]

   2.  Never plea to direct indictment never served on [me];

   3.  Newly discovered evidence.

   Solicitor never presented charge . . .

See 2007 PCR Application, p. 3 [See Court Docket No. 23-20].

On February 29, 2008, the State made its return to the petition and moved to dismiss the APCR as,



inter alia, successive and untimely. See Court Docket No. 23-21. On March 10, 2008, the PCR

judge filed a conditional order of dismissal [dated March 6, 2008]. See Court Docket No. 23-22.

Petitioner filed objections to the conditional order of dismissal and moved for summary judgment;

see Court Docket No. 23-23, pp. 5-10; following which the state court issued a final order of

dismissal on June 17, 2008. See Court Docket No. 23-23, pp. 1-2. Petitioner appealed. See Court

Docket No. 23-24. On August 27, 2008, the Supreme Court of South Carolina dismissed the appeal,

finding Petitioner had "failed to show that there is an arguable basis for asserting that the

determination by the lower court was improper," as required in Rule 227(c), South Carolina Rules

of Civil Procedure [now Rule 243(c)]. See Court Docket No. 23-25. The Remittitur was sent down

on September 15, 2008. See Court Docket No. 23-26.

Petitioner then filed a third APCR (Coleman v. State of South Carolina, No. 2009-CP-

02-2092) on August 3, 2009, raising the following issues:

1. Ineffective assistance of counsel.

2. Subject Matter Jurisdiction.

3. Constitutional U.S.D.A. violations - 5th, 6th and 14th Amendment.

(2009 PCR Application, p. 3). See Court Docket No. 23-27.

Petitioner also submitted two different documents arguing various specific grounds of ineffective

assistance and arguments against the finding of subject matter jurisdiction. See 2009 PCR

Application, attachment and amendment. See Court Docket Nos. 23-27 & 23-28. The State made

its return and moved to dismiss the petition as successive and untimely; see Court Docket No. 23-29;

and the PCR judge issued a conditional order of dismissal on May 24, 2010. See Court Docket No.

23-30. On June 21, 2010, the Petitioner filed objections to the conditional order of dismissal; see



Court Docket No. 23-31; following which (after a response was filed by the Petitioner) the Court issued a final order of dismissal on August 17, 2010 (dated August 13, 2010).  See Court Docket No. 23-32.

Petitioner appealed.  See Court Docket No. 23-33.  On September 28, 2010, the South Carolina Supreme Court denied the appeal, again finding that the Petitioner had "failed to show that there is an arguable basis for asserting that the determination by the lower court was improper."  See Court Docket Nos. 23-34.  The Remittitur was sent down on October 15, 2010.  See Court Docket No. 23-35.

In his Petition for writ of habeas corpus filed in this United States District Court, Petitioner raises the following grounds:

> **Ground One:** The erroneous judicial decision to amendment of the indictment change the nature of the offense such trial judge was without subject matter jurisdiction.
>
> **Ground Two:** The trial judge did err by participat[ing], initiat[ing] or influenc[ing] a plea bargaining agreement.  Through his position unduly coerced the plea negotiation.
>
> **Ground Three:** Trial counsel was ineffective for failing to object to a material amendment to petitioner's indictment.
>
> **Ground Four:** There was prosecutorial misconduct when the solicitor attempted to pit Wilmer Coleman testimony against the testimony of two of the state witnesses.

See Petition, pp. 6-11.

### Discussion

Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter



of law.  Rule 56, Fed.R.Civ.P; see Habeas Corpus Rules 5-7, 11.  Further, while the federal court is

charged with liberally construing  pleadings filed by a pro se litigant to allow the development of a

potentially meritorious case;  See Cruz v. Beto, 405 U.S. 319 (1972), and Haines v. Kerner, 404 U.S.

519 (1972); the requirement of liberal construction does not mean that the court can ignore a clear

failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the

existence of a genuine issue of material fact where none exists.  Weller v. Dep't of Social Services,

901 F.2d 387 (4th Cir. 1990).

        Respondent argues in his motion, inter alia, that the entire Petition is subject to

dismissal because Petitioner failed to file his application for a writ of habeas corpus in federal court

within one (1) year following the exhaustion of his state court remedies.  This limitations period is

part of the AEDPA,[6] and runs from the latest of -

> (A)  the date on which the judgment became final by the conclusion of direct review
> or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action
> in violation of the Constitution or laws of the United States is removed, if the
> applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the
> Supreme Court, if the right has been newly recognized by the Supreme Court and
> made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could
> have been discovered through the exercise of due diligence.

The time during which a properly filed application for State post-conviction or other collateral review
with respect to the pertinent judgment or claim is pending shall not be counted toward any period of
limitation under this subsection.

28 U.S.C. § 2244(d)(1) and (2).

---

[6]Antiterrorism and Effective Death Penalty Act of 1996.



This Petition falls under § 2244(d)(1)(A).

Petitioner's convictions became final on April 15, 2002, the date the South Carolina Court of Appeals issued the Remittitur.[7] See Wise v. South Carolina Dep't of Corrections, 642 S.E.2d 551 (S.C. 2007). By the time Petitioner filed his APCR on June 7, 2002, fifty-two (52) days of non-tolled time had passed from when his conviction became final. The period of limitations was thereafter tolled during the pendency of Petitioner's APCR, until the issuance of the Remittitur on August 9, 2004.[8] See eg Ott v. Johnson, 192 F.3d 510 (5th Cir. 1999)[tolling does not include 90 days for United States Supreme Court certiorari petition from final denial by state's highest court of collateral action], cert. denied, 529 U.S. 1099 (2000); Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000)[running clock from when state appellate court denied leave to appeal denial of state post-conviction petition]; Mays v. Hickman, No. 98-56769, 2000 WL 538131 at **1 (9th Cir. 2000); Drafts v. Maynard, No. 02-120, 2002 WL 32710121 (D.S.C. Aug. 6, 2001), appeal dismissed, 2002 WL 31430540 (4th Cir. Oct. 31, 2002). An additional thirty-eight (38) days of non-tolled time then passed before Petitioner filed his state habeas petition on September 17, 2004, for a total of ninety (90) non-tolled days. Assuming arguendo for purposes of this motion that the period of limitations

---

[7]The Petitioner is not entitled to toll the ninety (90) days to seek certiorari review from the United States Supreme Court since he did not seek review from the South Carolina Supreme Court. See Pfeil v. Everett, 9 Fed.Appx. 973, 977(10th Cir. 2001); Reddock v. Ozmit, No. 09-204, 2010 WL 568870 at **3-5 (D.S.C. Feb. 11, 2010); Anderson v. Warden of Evans Correctional Institution, No. 10-987, 2010 WL 5691646 (D.S.C. Sept. 7, 2010); Martino v. Cartledge, No. 09-527, 2010 WL 56093 (D.S.C. Jan 4, 2010); Hammond v. Hagan, No. 07-1081, 2008 WL 2922860 (D.S.C. July 24, 2008).

[8]The period is tolled until the date that the Remittitur is issued. See SCACR 221(b); see also Christy v. Christy, 452 S.E.2d 1, 4 (S.C.Ct.App. 1994)[sending of the remittitur ends appellate jurisdiction].



was thereafter tolled[9] during the pendency of Petitioner's state habeas case, it was dismissed on

September 11, 2006,[10] and Petitioner did not file an appeal.[11]  Petitioner's 2007 and 2009 APCR

filings were not "properly filed" petitions for purposes of tolling the statute of limitations, as they

were both dismissed on the ground that they were successive and untimely.  See Court Docket Nos.

23-22, 23-23, 23-30, 23-32; see Allen v. Siebert, 552 U.S. 3, at * 4 (2007)["We therefore reiterate

now what we held in Pace: When a postconviction petition is untimely under state law, that [is] the

---

[9]Respondent asserts that Petitioner's state habeas case was not a "properly filed" petition for purposes of tolling the limitations period.  However, the Respondent also points out that, even assuming that Petitioner's state habeas petition did toll the federal statute, Petitioner still did not timely file his federal habeas petition.  See  Respondent's Motion for Summary Judgment, p. 12. Therefore, it is not necessary to reach that issue in this case.  See, discussion, infra.

[10]The state Court of Appeals had previously issued a Remittitur on August 4, 2006, after dismissing Petitioner's appeal of the lower court's order of May 18, 2006.  However, since the Petitioner filed objections on May 30, 2006 which were considered as a Rule 60 motion, and the lower state court issued an order denying that motion on September 11, 2006 (which Petitioner did not appeal), the undersigned has used the later date in order to give Petitioner every benefit of the doubt on the time issue.

[11]Assuming, without deciding, that Plaintiff's state habeas filing tolled the limitations period under § 2244(b)(2), it not clear whether the limitations period would have continued to be tolled for the time period in which petitioner *could have*, but did not, seek an appeal of the state court habeas order. The tolling of Petitioner's state habeas time period is based on 28 U.S.C. § 2244(d)(2), which provides that the statute is tolled during the time the post-conviction or collateral petition is *pending.* See 28 U.S.C. § 2244; cf. Ballenger v. Mauney, No. 07-496, 2008 WL 725546 at * 3 (D.S.C. Mar. 17, 2008)[Where Petitioner did not seek appellate review, the PCR order was final on the date that it was issued]. Therefore, it is arguable that the time is not tolled during the time period to seek an appeal unless Petitioner actually pursues an appeal in a collateral matter. However, there is also authority to support that the time should be tolled during this time period even if Petitioner does not appeal the state court habeas order.  Cf. Gibson v. Klinger, 232 F.3d 799, 803-804 (10th Cir. 2000)["[R]egardless of whether a petitioner actually appeals a denial of a post-conviction application, the limitations period is tolled during the period in which petitioner *could have* sought an appeal under state law."].  In that event, the time to file an appeal in Petitioner's state habeas case was thirty (30) days. Rule 203(b)(1), SCACR.  Since, even assuming that the time period was tolled during this time, it would not affect the outcome in this case, the undersigned has given Petitioner the benefit of tolling the statute for this thirty (30) day period, until October 11, 2006 (the order was filed on September 11, 2006).



end of the matter for purposes of §2244(d)(2)."](quoting Pace v. DiGuglielmo, 544 U.S. 408, 413-416 (2005))[A state postconviction petition rejected by the state court as untimely is not "properly filed" within the meaning of § 2244(d)(2)]].  Therefore, neither one of these two APCRs tolled the running of the statutory filing period.

In sum, although it is arguable that the Petitioner's state habeas filing also did not toll the statute of limitations, even assuming that it did, Petitioner did not file his federal habeas petition until four (4) years after his time to appeal in his state habeas action expired (this was in addition to the 90 days of non-tolled time that had expired prior to the state habeas filing).  While Petitioner argues that he was pursuing his state remedies during this time period, since his second and third PCR actions did not toll the statute of limitations, Petitioner failed to timely file this federal petition, and he is therefore barred from seeking federal relief.  Artuz v. Bennett, 531 U.S. 4 (2000) [while state collateral review of properly filed petition tolls the one-year statute of limitations under § 2244(d)(A), it does not establish a right to file within one year after completion of collateral review]; Harris, 209 F.3d at 327-328.

Finally, to the extent that Petitioner is asserting that he is entitled to some type of equitable tolling based on his misunderstanding about when his time to file started to run, the United States Supreme Court has held that the federal one year statute of limitations can be subject to equitable tolling in appropriate cases.  Holland v. Florida, 130 S.Ct. 2549, 2552-2554, 2560-2562 (2010); see also Rouse v. Lee, 314 F.3d 698, 704 (4th Cir. 2003)(citing Harris, 209 F.3d at 330). Circumstances will rarely warrant equitable tolling, however, and a Petitioner carries the burden of showing that he is entitled to equitable tolling.  Harris, 209 F.3d at 330; see also  Marengo v. Conway, 342 F.Supp.2d 222, 230 (S.D.N.Y. 2004); Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir.

11



2002). Further, equitable tolling applies only in the rare and exceptional circumstance, and is limited to "extraordinary circumstances" preventing a prisoner from filing a timely petition. Warren v. Garvin, 219 F.3d 111, 113 (2d Cir. 2000); Marengo, 342 F.Supp.2d at 230. "[T]he party seeking equitable tolling must [also] have acted with reasonable diligence throughout the period he seeks to toll." Marengo, 342 F.Supp.2d at 230 (quoting Warren, 219 F.3d at 113); see also Holland, 130 S.Ct. at 2562 ["'Petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing."](quoting Pace, 544 U.S. at 418.

Here, Petitioner is not entitled to equitable relief based on a misunderstanding of when the time started to run under the statute; cf. Harris, 209 F.3d at 330-331 (citing Barrow v. New Orleans S.S. Ass'n, 932 F.2d 473, 478 (5th Cir. 1991)([refusing to apply equitable tolling where the delay in filing was the result of Plaintiff's unfamiliarity with the legal process or his lack of representation]); and Petitioner has not otherwise shown that any extraordinary circumstances prevented him from timely filing his petition. Therefore, Petitioner has not met his burden of showing that "extraordinary circumstances" prevented him from timely filing his federal Petition, or that he could not have filed a timely petition. Harris, 209 F.3d at 330 [Petitioner has burden of showing entitlement to equitable tolling]; see also Smith v. McGinnis, 208 F.3d 13, 17-18 (2nd Cir. 2000)[AEDPA's statute of limitations may be equitably tolled only in rare and exceptional circumstances and only "if party seeking equitable tolling [has] acted with reasonable diligence throughout the period he seeks to toll."].

Accordingly, Petitioner is not entitled to any equitable relief, and he is therefore barred from seeking federal habeas relief. See Pearson v. North Carolina, 130 F.Supp.2d 742, 744-745



(W.D.N.C. 2001); <u>Calderon v. U.S. District Court of the Central District of California</u>, 127 F.3d 782, 785-787 (9th Cir. 1997), <u>cert.</u> <u>denied</u>, 118 S.Ct. 1395 (1998), <u>overruled on other grounds in later appeal</u>, 163 F.3d 530 (9th Cir. 1998), <u>cert.</u> <u>denied</u>, 119 S.Ct. 1377 (1999).

### Conclusion

Based on the foregoing, it is recommended that the Respondent's motion for summary judgment be **granted**, and that the Petition be **dismissed**, with prejudice.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

July 12, 2011

Charleston, South Carolina



### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

